RED MANN, Judge
(concurring).
I agree that, subsequent to the notification to Neilson Inc. of Coastal’s assignment of accounts receivable, the assignment to Neilson Inc. by Lincoln of its judgment against Coastal could not result in compensation. By that time Neilson Inc. was no longer a debtor of Coastal. (The assignment of receivables had no direct effect on Coastal’s payables, including Lincoln’s judgment. Compensation would have occurred if that judgment had been assigned to Neil-son Inc. prior to the effective date, vis-a-vis Neilson Inc., of the assignment of Coastal’s receivables.)
Were it not for the fact that Lincoln itself took a judgment against Coastal, I would have accepted the otherwise uncon-tradicted testimony of Jack Neilson, president of both Neilson Inc. and Lincoln, that invoices to Neilson Inc. from Coastal were to be treated as set-offs against both Neil-son Inc.’s and Lincoln’s charter hire. Such an arrangement requires no disregard of corporate identity or integrity. It would require only an agreement (to make which the common president presumably had authority) and some bookkeeping. There is no law preventing corporation Lincoln from accepting, as payment of Neilson Inc.’s debts to it guaranteed by Coastal, services rendered by Cbastal to corporation Neilson Inc.
However, if those had been the arange-ments, Lincoln would presumably not have *418 sued for the full amount owed under its charter to Coastal. If there is any explanation of this inconsistency, Neilson Inc.’s president knew of it and should have testified about it.
Accordingly I agree that the maximum extinguishment of Coastal’s (now Fidelity Bank’s) claim was that attributable to Coastal’s debt to Neilson Inc. prior to the notification of the assignment to Neilson Inc.
I also agree that a proper foundation was not laid for introduction of the unsigned copy of defendant’s charter party, and it should have been excluded. The testimony of Jack Neilson is not by itself sufficient to establish the debt because over $500, see C.C. art. 2278, and I therefore concur in the . emand.